## 17542

Etheline JACKSON, Appellant, v. L. M. HOBBS, G. M. HARRISON and Western Fire Insurance Company, Respondents

(109 S. E. (2d) 161)

*Elliott D. Turnage, Esq.,* of Darlington, *for Appellant,*

*Messrs. Royall & Wright,* and *John M. Scott,* of Florence, *for Respondents,*

The opinion of Judge Lewis follows:

This action was instituted by the plaintiff Etheline Jackson against the defendants L. M. Hobbs, G. M. Harrison and Western Fire Insurance Company to recover damages allegedly sustained by her on account of the acts of the defendants in connection with fire insurance policies issued by the defendant Western Fire Insurance Company covering a dwelling and store building of the plaintiff. It is alleged that the defendant Harrison was the holder of a mortgage covering the property of plaintiff, and the defendant Hobbs was the agent of the defendant insurance company.

The issues to be determined arise under the demurrer of the defendants interposed on the ground that the complaint

fails to state a cause of action against the defendants in that there is alleged no invasion of the plaintiff's rights or actionable wrongs committed by the defendants against the plaintiff. The defendants have also moved to strike certain allegations of the complaint, but the disposition herein of the demurrer makes it unnecessary to pass upon this motion.

·The following are the facts from the complaint upon which the plaintiff seeks recovery.

The plaintiff owned a frame dwelling house and store building covered by fire insurance policies of Five Hundred ($500.00) Dollars and One Thousand ($1,000.00) Dollars, respectively, written by Vaughn Insurance Agency of Darlington, South Carolina, these policies expiring on February 11, 1957. Shortly before the expiration date of said policies, plaintiff was informed by Vaughn Insurance Agency that the amount of insurance on the store building would probably have to be reduced to the sum of Five Hundred ($500-.00) Dollars. The defendant Harrison, who loaned to the plaintiff the sum of Three Hundred ($300.00) Dollars taking as security therefor a mortgage over her property, told the plaintiff that he knew where she could get insurance written on her store building in the amount of the desired One Thousand ($1,000.00) Dollars. Pursuant to this suggestion, plaintiff transferred her insurance to the defendant insurance company on both her dwelling and store building and was written separate policies of Five Thousand ($5,000-.00) Dollars and One Thousand ($1,000.00) Dollars on her dwelling and store building, respectively, the defendant Hobbs, agent for the defendant insurance company, assuring plaintiff that he could write and maintain insurance in that amount on her property. These policies were dated February 11, 1957, the date of the expiration of plaintiff's prior policies with Vaughn Insurance Agency. Thereafter, and on April 17, 1957, the plaintiff, at the instance of the defendant Hobbs, who told her that unless she did so the policy would be cancelled, signed an application or endorsement to reduce the insurance on the store building from One Thousand

($1,000.00) Dollars to Five Hundred ($500.00) Dollars. The defendant Hobbs stated to plaintiff at the time of signing the said application that a new policy would be issued in accordance therewith and the unearned premium refunded, neither of which was done. On May 20th, 1957, the store building was destroyed by fire and the defendant caused to be tendered to the plaintiff its check in the amount of Five Hundred Nine and 93/100 Dollars ($509.93) in full settlement of the claim under the policy, which plaintiff refused. In an effort to force the plaintiff to accept the check and endorse the same so that the mortgagee, the defendant Harrison, could be paid, the defendants threatened to cancel a policy of auto liability insurance held by the plaintiff and did cancel the policy issued by the defendant insurance company covering the dwelling of the plaintiff, paying the unearned premium thereon to the agent and attorney of the defendant Harrison. Paragraph 7 of the complaint then alleges "that as a direct and proximate consequence of the wrongful, malicious and wilful acts of the defendants, acting jointly and severally, and pursuant to the wicked plan above mentioned, the protection and security provided the plaintiff and her property by the above mentioned contractual relations with Vaughn Insurance Company have been destroyed; said policies No. OF6904 and No. OF6905 (covering the dwelling and store building), have been wrongfully and fraudulently cancelled; the relations of confidence and trust above set forth have been violated and abused, and plaintiff has suffered financial loss." etc.

The Complaint alleges that all of the foregoing acts were done in violation of trust and confidence placed in the defendants and that a fiduciary relationship existed between plaintiff and the defendants.

The only connection of the defendant Harrison with the matters alleged is that the plaintiff discussed her insurance problem with him and he told her that he knew where she could secure the amount of insurance desired on her store building. Subsequently plaintiff did se-

cure insurance in the desired amount from the defendant Western Fire Insurance Company through the defendant Hobbs. Later, when loss occurred, it is alleged that the defendants attempted to force the plaintiff to endorse a draft tendered by the defendant company in payment of her claim so that the defendant Harrison could be paid the amount of his mortgage, which apparently plaintiff refused to do. The complaint is completely devoid of any allegation that would state a cause of action against the defendant Harrison. His representation to plaintiff that she could get insurance in the amount desired was true and she did procure such insurance. When the draft for settlement of the loss was presented, certainly, out of it, the defendant was entitled to payment of his mortgage. Regardless of this, however, the plaintiff did not sign the check and no damage could result to her from the alleged attemptes of the defendants to have her sign it.

I am also of the opinion that no cause of action is alleged against the remaining defendants. The complaint alleges that Vaughn Insurance Agency had notified plaintiff that the insurance coverage on her store building would be reduced on February 11, 1957, the expiration date of her existing policies. She desired to maintain insurance in the same amount and procured insurance in a satisfactory amount with the defendant insurance company through the defendant Hobbs. The insurance was later reduced in amount upon an application or endorsement signed by plaintiff. The amount tendered to plaintiff in settlement of her claim for loss was in accordance with the endorsement signed by her.

Plaintiff's claim that her contractual relations with Vaughn Insurance Agency have been wrongfully interfered with is not supported by the facts alleged. Her policies with Vaughn Insurance Agency expired on February 11, 1957. She had been notified by Vaughn that her insurance coverage would be reduced. She was not induced to cancel any contract with Vaughn. Her contracts with Vaughn expired

and her contracts with the defendant insurance company began after their expiration. Plaintiff desired to secure insurance coverage that her complaint shows was not available with Vaughn.

Plaintiff further contends that she has alleged a cause of action for fraudulent cancellation of the policies of insurance issued to her by the defendant insurance company on her dwelling and store building. As to the cancellation of the policy on her dwelling, it does not appear that any loss has been occasioned to plaintiff thereby. No loss has occurred under that policy and it does not appear that other like insurance could not be obtained elsewhere. As to the policy of insurance on plaintiff's store building, it appears that it was not cancelled, but the amount thereof reduced upon the written application of the plaintiff. She does not allege that she could not read or that she was illiterate. There is no allegation that any false statement was made by the defendants upon which she acted in signing the aforesaid endorsement. In fact, plaintiff alleges that she knew the effect of her signing the endorsement reducing the amount of insurance. The allegations that the defendant Hobbs agreed to maintain insurance on her store building in the amount of One Thosuand ($1,000.00) Dollars are ineffectual to state a cause of action in view of the further allegations of the complaint that the plaintiff agreed in writing to reduce the amount thereof.

There are allegations in the complaint that the acts of the defendants were fraudulent and that they acted in a fiduciary relationship to the plaintiff, but such allegations are conclusions, unsupported by the facts alleged, and are not admitted by the demurrer.

The demurrer to the complaint is accordingly sustained and the complaint dismissed.

June 9, 1959.

PER CURIAM.

Upon consideration of the order under appeal in this case, in the light of the exceptions, it is affirmed and will be published as the judgment of this Court.